CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
*for* *Danville*
JUN 15 2011

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

BRANDI H. COBB,                    )    CASE NO. 4:10CV00046
                                   )
              Plaintiff,           )
                                   )
v.                                 )    REPORT AND RECOMMENDATION
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of SSA,               )
                                   )    By:  B. Waugh Crigler
              Defendant.           )         U. S. Magistrate Judge

This challenge to a final decision of the Commissioner which denied plaintiff's

protectively-filed May 17, 2007 applications for a period of disability, disability insurance

benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as

amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C.

§ 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings,

conclusions and recommendations for the disposition of the case. The questions presented are

whether the Commissioner's final decision is supported by substantial evidence, or whether there

is good cause to remand for further proceedings.  42 U.S.C. § 405(g).  For the reasons that follow,

the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for

summary judgment and REMANDING this case to the Commissioner for further proceedings.

In a decision issued on November 4, 2009, an Administrative Law Judge ("Law Judge")

found that plaintiff had not engaged in substantial gainful activity since May 15, 2007, her alleged

disability onset date, and that she remained insured through September 30, 2011.  (R. 17.)  The

Law Judge determined that the plaintiff suffered the following severe impairments:  stasis edema

in the right leg, degenerative joint disease of the right hip, morbid obesity, residuals of an ankle

fracture that required surgeries, and obstructive sleep apnea.  (*Id.*)  He concluded that the plaintiff

did not suffer an impairment or combination of impairments that met or equaled a listed impairment. (R. 18.) The Law Judge found that the plaintiff had the residual functional capacity ("RFC") to perform sedentary work limited by the need to prop up her right foot periodically, and the inability to climb ropes, ladders or scaffolds. (R. 20.) He also found that plaintiff occasionally could climb ramps and stairs and occasionally could balance, stoop, kneel, crouch and crawl. (*Id.*) The Law Judge concluded that plaintiff did not have any mental limitations. (*Id.*) While the Law Judge determined that the plaintiff's medically determinable impairments reasonably could be expected to produce some of the alleged symptoms, he also was of the view that the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (R. 21.) As a result, the law judge found that plaintiff possessed the RFC to perform her past relevant work as a van driver. (R. 20.) Yet, he went further to acknowledge that the evidence regarding whether plaintiff could operate a motor vehicle was in conflict, and he concluded that, to the extent that she could not drive, there were other jobs available in significant numbers in the national economy that she could perform. (*Id.*)[1] The Law Judge ultimately determined that the plaintiff was not disabled under the Act. (R. 24.)

Plaintiff appealed the Law Judge's November 4, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

---

[1] Under the five-step regulatory sequential evaluation, 20 C.F.R. §§ 404.1520, 416.920, once the claimant was found able to perform her past relevant work, the inquiry was to cease. Here, however, the Law Judge went further as if the claimant was unable to perform her past relevant work to address the final question in the sequential evaluation of whether alternate gainful activity was available to her.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the plaintiff. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). However, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff advances various arguments, but she essentially asserts that the Law Judge's RFC finding is not supported by substantial evidence.[2] (Pl's Brief, pp. 3-6.) The undersigned agrees.

Before the July 7, 2009 hearing concluded, plaintiff's counsel raised a question concerning whether plaintiff's impairment had been correctly diagnosed, thus calling into question the limitations likely to be produced by her impairment and the credibility of her complaints. (R. 53.) In response, the Law Judge determined that a consultative evaluation was necessary. (*Id.*) On September 15, 2009, plaintiff was examined by a DDS consultative examiner, Ericka Young, D.O. (R. 319-329) Dr. Young noted that plaintiff suffered the following: Charcot-Marie-Tooth disease, degenerative joint disease of the right hip, stasis edema, chronic cellulitis of the right leg, surgery for stress fracture in the left ankle x 2, depression, morbid obesity[3], obstructive sleep apnea and headaches. (R. 319.) Dr. Young opined that plaintiff could carry or lift continuously up to twenty

---

[2] "Residual functional capacity" is defined as that which an individual is still able to do despite the limitations caused by her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a).
[3] Dr. Young determined that plaintiff was 5'3" tall and weighed 348 pounds. (R. 320.)

pounds, frequently alone to twenty pounds, and occasionally up to fifty pounds. (R. 322.) Dr.

Young believed that plaintiff could not rely on lower extremity muscle strength, but that she had

no restrictions on sitting, though she could stand at one time only for up to thirty minutes and

could stand or walk for a total of one hour in an eight-hour workday. (*Id.*) The physician found

that plaintiff had severe lower extremity edema with drainage of the right lower extremity. (*Id.*)

Dr. Young noted that plaintiff did not require the use of an assistive device, but she opined that an

assistive device would definitely be helpful. (*Id.*) The consultative examiner concluded that

plaintiff could walk only approximately ten feet without the use of an assistive device, and that she

suffers balance issues which would be improved if she used a cane. (*Id.*) The physician

concluded that plaintiff could continuously perform reaching, handling, feeling, fingering, pushing

and pulling, but she should never use her right foot. (*Id.*) Dr. Young believed plaintiff could

occasionally use her left foot for the operation of foot controls, and that she should never climb

stairs or ramps, climb ladders, balance, stoop, kneel, crouch or crawl. (*Id.*) The physician further

found that plaintiff's hearing and vision were unaffected, but that she cannot work around

unprotected heights or moving mechanical parts, operate a motor vehicle or work around extreme

heat. (*Id.*) Dr. Young concluded that she could perform activities such as shopping, but only for

short periods of time. (*Id.*) Dr. Young also concluded that plaintiff could ambulate without the

use of a wheelchair, use public transportation, prepare simple meals and feed herself, and

sort/handle papers. (*Id.*) The physician determined that she should not travel without a

companion, but that she could walk on uneven surfaces at a reasonable pace. (*Id.*) Moreover, she

could not climb a few stairs at a reasonable pace with the use of a single hand rail, and that she

requires the use of a double hand rail. (*Id.*) Finally, Dr. Young noted that plaintiff needs help caring for her personal hygiene due to her morbid obesity. (*Id.*)

The Law Judge was not required to discuss all evidence in the record. *See Johnston v. Astrue*, No. 4:07-CV-0070-FL, 2008 WL 2397541, * at 3 (E.D.N.C. June 12, 2008) (holding that a Law Judge is "not required to comment on every piece of evidence in the record[.]"). However, a reviewing court "cannot determine if findings are unsupported by substantial evidence unless the [Law Judge] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). Moreover, a Law Judge "'may not select and discuss only that evidence that favors his ultimate conclusion[.]'" *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)). This particularly is so where the Commissioner's own examiner has found limitations precluding past relevant work and even all substantial gainful activity.

In reaching his determination of plaintiff's residual functional capacity, the Law Judge devoted a short paragraph to discussing the results of Dr. Young's examination and findings. (R. 22.) Essentially, he accounted for only a small portion of her findings and notably failed to mention other portions of her assessment clearly demonstrating significant, if not total, limitations on plaintiff's ability to perform her past relevant work as a van driver, as well as her ability to perform any gainful activity at all. Most notably, the Law Judge's brief summary of Dr. Young's findings fails to include her opinion that plaintiff should not travel without a companion. Nowhere does the Law Judge suggest that any other portion of Dr. Young's evidence was less than credible or should not be given the weight he gave to the portions summarized.

Accordingly, the Law Judge's determination that plaintiff could perform her past relevant work is not supported by substantial evidence. Moreover, the vocational expert did not have the opportunity to render opinions about the availability of alternate gainful activity in light of Dr. Young's findings, which, in the undersigned's view establishes good cause to remand for further proceedings.

It is RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING this case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

_____6/15/2011_____
Date

6